IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROSHARD AAMON COLE                                                                        PETITIONER

VS.                                                         CIVIL ACTION NO.  3:22-cv-427-DPJ-FKB

BILLY SOLLIE                                                                                   RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Roshard Aamon Cole.  Presently before the Court are Respondent's Motion to Dismiss [12] and a Supplement to the Motion [13].  Cole has not responded to either the Motion or the Supplement.

At the time he filed his petition, Cole was a pretrial detainee being held at the Lauderdale County Detention Center in Meridian, Mississippi, on state criminal charges related to a drive-by shooting and aggravated assault.  [1] at 1; [12] at 1.  In his petition, Cole challenges the length of his detention without trial and asserts that he has been detained since July 15, 2021, without indictment.  *Id.* at 5.  Cole asks for immediate dismissal of the criminal charges and a lower bail.  *Id.* at 15.  Since this action was filed in July 2022, a Lauderdale County grand jury has indicted Cole for drive-by shooting and shooting into a vehicle in violation of Miss. Code Ann. §§ 97-3-109 and 97-25-47. [13-1].  Cole was served with a copy of the indictment, and, with the aid of counsel, he was arraigned on the pending charges on April 18, 2023.  [13-2], [13-3].  Trial on these charges has been set for August 30, 2023, in the Circuit Court of Lauderdale County, Mississippi.  [13-3].

A state court prisoner may raise a speedy trial claim under § 2241 in an effort to force the state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).  However, if a petitioner is attempting

to dismiss the indictment or prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," which is not normally allowed through federal habeas corpus. *Braden*, 410 U.S. at 490. Thus, relief under § 2241 is not available where, as in the present case, the petitioner seeks dismissal of state criminal charges based upon an affirmative defense, such as a violation of speedy trial. *Brown*, 530 F.2d at 1283.

Furthermore, it appears that Cole has not exhausted his state court remedies as to any of his claims. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). Although he asserts that he has talked to his lawyer about the lack of indictment, he fails to answer questions related to his attempts to exhaust state court remedies. [1] at 5-7. Therefore, this Court may not entertain his petition for relief.

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of July, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).